```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                        :
UNITED STATES OF AMERICA,                               :
                                                        :      18-CR-269 (JMF)
        -v-                                             :
                                                        :      MEMORANDUM OPINION
RAMIRO AYON,                                            :         AND ORDER
                                                        :
                        Defendant.                      :
                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On July 18, 2019, the Court sentenced Defendant Ramiro Ayon, after he pleaded guilty to a drug conspiracy, to seventy-six months' imprisonment — well below the Sentencing Guidelines range of 188 to 235 months' imprisonment. *See* ECF No. 88; ECF No. 91, at 8.[1] He now moves, pursuant to 18 U.S.C. § 3582(c)(1)(A), for compassionate release in light of the COVID-19 pandemic. *See* ECF No. 103 ("Def.'s Mem."). In the wake of the First Step Act, Section 3582 provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" *and* that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Brooker*, 976 F.3d 228, 233-37 (2d Cir. 2020).[2]

---

[1] The Government states — presumably based upon the Presentence Investigation Report ("PSR") — that Mr. Ayon's Guidelines range was 168 to 210 months' imprisonment. *See* ECF No. 105 ("Opp'n"), at 2. That is incorrect, as the Court determined at sentencing that the PSR did not account for the fact that Mr. Ayon had committed the offense while on probation. *See* Tr. 6-8; *see also* ECF No. 85.

[2] Where, as here, a defendant himself moves for compassionate release, the statute also imposes a mandatory exhaustion requirement, *see* 18 U.S.C. § 3582(c)(1)(A), which Mr. Ayon appears to have satisfied. *See* Def.'s Mem. 3-4.

1

Given the dangers posed by COVID-19 to those in prison generally and to Mr. Ayon specifically, *see* Def.'s Mem. 7-13; ECF No. 109 ("Def.'s Reply"), at 3-6, the instant motion is not without some force. In particular, the outbreak at FCI Victorville (among other BOP facilities) is deeply troubling. Nevertheless, upon review of the parties' papers, the Court denies the motion for several reasons. *See* Opp'n 12-14. For starters, Mr. Ayon himself tested positive for the virus and has apparently recovered, presumably reducing — if not eliminating — his risk of contracting the disease going forward. *See United States v. Matera*, No. 02-CR-743 (JMF), ECF No. 452, at 1-2 (S.D.N.Y. June 3, 2020); *see also, e.g.*, Sheila F. Lumley et al., "Antibodies to SARS-CoV-2 are associated with protection against reinfection" (Nov. 19, 2020) (finding that prior infection with COVID-19 that generated antibody responses likely offers protection for at least six months following infection and noting that), *available at* https://www.medrxiv.org/content/10.1101/2020.11.18.20234369v1.[3] Granted, the extent and duration of any such immunity is not definitively known, *see* Def.'s Mem. 13 & n.19, but "[e]vidence for post-infection immunity is emerging" and the number of confirmed cases of reinfection is vanishingly small, Lumley et al., *supra*, at 7 ("Despite an estimated 55 million people infected worldwide and high rates of ongoing transmission, reports of SARS-CoV-2 reinfection are few, mostly in individuals with mild or asymptomatic primary infection.").

Additionally, in light of the seriousness of Mr. Ayon's crime, his criminal history (which included a prior drug trafficking conviction), the fact that he committed the crime while on probation for a prior offense, and the relatively limited amount of time that he has served (taking into account good-time credit, only about thirty percent of his sentence), a reduction of his

---

[3]   Additionally, now that one vaccine has been granted emergency use authorization and another may follow shortly, Mr. Ayon could conceivably receive a vaccine in a matter of months.

sentence is not warranted under Section 3553(a).  *See* Tr. 22-25.  Put differently, the Court is "hard pressed to conclude that, whereas the Section 3553(a) factors justified a [seventy-six month] sentence only [last year], the same factors suddenly justify a time-served sentence today."  *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *3 (S.D.N.Y. Apr. 8, 2020); *see also United States v. Walter*, No. 18-CR-834-6 (PAE), 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) ("Converting Walter's sentence to one of home confinement, when he has served just 17 months of a 62-month term of incarceration, would disserve these important § 3553(a) factors."); *United States v. Credidio*, No. 19-CR-111-1 (PAE), ECF No. 62, at 1 (S.D.N.Y. Mar. 30, 2020) (refusing to reduce a sentence to time served pursuant to Section 3582(c) on the ground that "a lengthy term of imprisonment is required for [the defendant] for all the reasons reviewed at sentencing").

      Finally, the Court already imposed a sentence substantially below the Guidelines range of 188 to 235 months' imprisonment (based in part on some of the very reasons Mr. Ayon presses for his release now).  *See* Tr. 22-25.  And given the sixty-month statutory mandatory minimum, granting compassionate release would be in tension, if not conflict, with Congress's intent and would risk creating an "unwarranted sentence disparit[y]" between the sentence imposed on Mr. Ayon and the sentences imposed on other, similarly situated defendants who were sentenced in accordance with the statutory mandatory minimum.  18 U.S.C. § 3553(a)(6); *see United States v. Ebbers*, 432 F. Supp. 3d 421, 430 (S.D.N.Y. 2020) ("[T]he Court should be wary of using the motion to . . . introduce unprincipled variance into the execution of duly-imposed sentences . . . .").  That, in turn, "could undermine respect for law."  *Ebbers*, 432 F. Supp. 3d at 430 n.11; *see* 18 U.S.C. § 3553(a)(2), (b)(1) (providing that, in imposing a sentence, the court "shall consider," among other things, "the need for the sentence imposed . . . to promote respect for the law").

To be sure, the Court is sympathetic to Mr. Ayon's concerns and sensitive to the dangers faced by those in jails and prisons from COVID-19. *See, e.g.*, *United States v. Nkanga*, 450 F. Supp. 3d 491, 491-92 (S.D.N.Y. 2020). If it were in the Court's power to grant Mr. Ayon temporary release until the danger of the pandemic was over — thereby mitigating the risks to him (and to other prisoners) from the disease, without giving him a windfall break on his overall sentence — the Court might very well have done so. But the power to grant such temporary reprieve lies exclusively in the Executive Branch; the Court's sole option is to reduce Mr. Ayon's sentence pursuant to the compassionate release statute or to leave it be. "[C]onsidering the Section 3553(a) factors — as the Court must — compassionate release is simply too blunt an instrument for the task at hand." *United States v. Roberts*, No. 18-CR-528-5 (JMF), 2020 WL 2614764, at *2 (S.D.N.Y. May 22, 2020) (internal quotation marks omitted).

Accordingly, Mr. Ayon's motion is DENIED. The Clerk of Court is directed to terminate ECF No. 103.

SO ORDERED.

Dated: December 17, 2020
      New York, New York

                                                  JESSE M. FURMAN
                                               United States District Judge